**BIG STONE CANNING COMPANY, a corporation, Plaintiff,**

**v.**

**DISTRICT DIRECTOR OF INTERNAL REVENUE, Defendant.**

**No. 6–61 Civ. 12.**

United States District Court
D. Minnesota,
Sixth Division.

Sept. 22, 1964.

Robert R. Pflueger, of Eastvold & Pflueger, Ortonville, Minn., for plaintiff.

Miles W. Lord, U. S. Atty., and John J. Connelly, Asst. U. S. Atty., Minneapolis, Minn., for defendant.

NORDBYE, District Judge.

This action is brought under 28 U.S.C. § 1346(a) for the recovery of transportation taxes paid under protest to defendant, together with other relief. The matter is before the Court on a stipulation of facts.

In 1961 the defendant assessed plaintiff in the amount of $4,184.28 for transportation excise taxes for the taxable period December, 1942, through July, 1958, due and owing under 26 U.S.C. Section 4271(a) and (d), which read:

"(a) Property other than coal.— There is hereby imposed upon the amount paid within or without the United States for the transportation of property, except coal, by rail, motor vehicle, water, or air from one point in the United States to another, a tax equal to 3 percent of the amount so paid."

"(d) By whom paid.—The taxes imposed by this section shall be paid by the person making the payment subject to the tax."

On March 10, 1960, plaintiff paid the sum of $447.42 due and owing for the taxable period of January 1 through December 31, 1957, but has refused to pay the balance of the assessment. Subsequently, plaintiff commenced this action for the refund of that amount, with interest, and asks that the balance of the assessment be abated. The amount of the taxes due the Government on the trucking transactions involved herein is not in dispute.

Plaintiff, a corporation with principal offices at Ortonville, Minnesota, is engaged in the business of canning and processing food stuffs, primarily corn. It obtains its corn from farmers in the vicinity of Ortonville under a contractual arrangement containing the following provisions pertaining to transportation:

"3. * * * Trucking. The Company agrees to use reasonable efforts to secure * * * truckers for the corn covered by this agreement upon request of the Grower and will advance payment for the same, deducting the advance made from the first payment made the Grower. Nothing herein contained shall be construed as a guarantee that the Company will * * * haul said sweet corn and it is agreed that it shall not be liable for damages in the event that it fails to * * * haul said corn for any reason whatsoever."

Paragraphs (10) and (11) of the stipulation of facts read:

"(10) Under the contracts between Big Stone and the growers, the growers are restricted to growing a particular seed provided by the company. The seed is advanced by the company, but the grower must subsequently pay for the same. Title to the seed and the crop derived therefrom remains with the company. Also, in situations where the grower did not have the equipment or insufficient equipment, he would make a request for Big Stone to obtain trucking and/or picking in which event Big Stone would pay expenses such as trucking, picking expenses, insurance initially and then deduct these advances from the first payment or gross receipts due the grower from Big Stone according to the contract.

"(11) That during the periods of time in question, corn was trans-

ported at various times and by various truckers who are engaged in the business of transporting property for hire from growers' fields in and around the Ortonville area to the Big Stone Canning plant at Ortonville, Minnesota."

The stipulation also recites that approximately 85 per cent of the corn received during the period in question at plaintiff's plant was delivered by truckers it contacted for farmers who were unable to haul it themselves. Approximately 15 per cent of the corn was hauled by the individual farmers.

When the plaintiff arranged for trucking, it did so at the request of the farmer involved. As the Court understands it, plaintiff simply contacted a trucker and sent him to the farmer. The amount due the trucker for the trucking of the corn was paid by plaintiff upon completion of the transportation to the canning company's plant. Plaintiff then deducted that amount from the money it owed for the corn and thereby placed the ultimate cost of the hauling on the individual farmer.

The Government argues for a literal construction of the statute which would make Big Stone Canning, as the payor of the trucking costs in the first instance, liable for the transportation tax. Plaintiff, on the other hand, takes the position that it was merely acting as agent for the individual farmer in making the payments and that the payment of the tax, as the ultimate burden of the trucking costs, should rest with the farmer.

The case apparently is one of first impression. However, the Court concludes that it is logical to find that the law intended that the imposition of this tax should rest upon the party making the actual payment to the trucker. Any other construction would be impractical and contrary to the express language of the Act. Plaintiff could have easily included the 3 per cent transportation tax in the amount it deducted from its debt to the farmer for his corn. The tax laws are at best difficult to administer; to require Big Stone Canning to pay this tax and charge it back to the farmer is no more onerous than requiring the trucker to serve as collector of the tax. And that obligation is required by the Federal Tax Regulations:

"The tax is payable by the person making the taxable transportation payment and is collectible by the person receiving such payment." 1956 Fed.Tax Regs. Section 143.13 (a) (1).

"Every person receiving any taxable payment for the transportation of property must collect the tax from the person making such payment at the time the payment is made." 1956 Fed.Tax Regs. Section 143.50.

Thus the trucker should have collected the taxes in question at the time he was paid. At that time the trucker was dealing solely with plaintiff. It seems obvious that plaintiff was required to pay the tax then and there; any problems of reimbursement of plaintiff by the farmer were matters which are not material to the collection of the tax. The admitted circumstances present a factual situation which under the law required plaintiff to pay the tax to the trucker when the payment for the transportation was consummated. By reason of its failure to do so, the obligation for the tax must rest necessarily on the plaintiff. The instant application of a literal interpretation of the law may seem to impose a hardship on plaintiff, but any other construction of the law would ignore the plain wording of the statute.

The above may be considered as the Court's Findings of Fact, and upon such findings, the Court makes the Conclusion of Law that plaintiff is not entitled to recover the amount of taxes paid, to wit, $447.42, and is not entitled to the abatement of the balance of the tax assessment, to wit, $3,736.86, assessed against it. Defendant should recover its costs and disbursements herein. Let judgment be entered accordingly. It is so ordered. An exception is reserved.